**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| KEVIN D. GOODLEY | CIVIL ACTION NO. 05-0224 |
| VS. | SECTION P |
| N. BURL CAIN, WARDEN | JUDGE MELANÇON |
| | MAGISTRATE JUDGE HILL |

## ORDER

Before the Court are the "Motion to Supplement Petition for Habeas Corpus" [rec. doc. 3] and the "Motion to Dismiss Unexhausted Claims" [rec. doc. 11] filed by *pro se* petitioner, Kevin D. Goodley, on May 9, 2005, and June 27, 2005, respectively.

In his Motion to Supplement, petitioner sought leave to supplement and amend his §2254 Motion by adding the following claims: (1) that there was insufficient evidence to support his conviction; (2) that irrelevant and prejudicial "other crimes" evidence was erroneously introduced at trial; and (3) that the trial court erred in failing to instruct the jury regarding different grades of theft under the manslaughter statute.

Because the record and published jurisprudence failed to demonstrate that petitioner had fully exhausted state court remedies on his proposed first and second amended claims for relief, the undersigned ordered that petitioner's Motion to Supplement be held without ruling pending further submissions by petitioner. [rec. doc. 8].

In response to this court's Order, petitioner submitted a "Motion to Dismiss Unexhausted Claims". [rec. doc. 11]. By this Motion, petitioner concedes that his proposed first and second claims for relief are unexhausted. Accordingly, he requests that this court "dismiss" those claims

and grant leave to supplement only his proposed third claim for relief.

Considering petitioner's Motions;

**IT IS ORDERED** that petitioner's "Motion to Dismiss Unexhausted Claims" [rec. doc. 11] is **GRANTED**. Accordingly, petitioner's request for leave to amend his habeas corpus petition with his first and second proposed supplemental claims for relief, that there was insufficient evidence to support his conviction and that irrelevant and prejudicial "other crimes" evidence was erroneously introduced at trial, is **withdrawn.**

**IT IS FURTHER ORDERED** that petitioner's "Motion to Supplement Petition for Habeas Corpus" [rec. doc. 3] is **GRANTED in part and DENIED as MOOT in part.** Accordingly, petitioner's request for leave to amend his habeas corpus petition with his third proposed supplemental claim for relief, that the trial court erred in failing to instruct the jury regarding different grades of theft under the manslaughter statute, is **GRANTED**. Petitioner's request for leave to amend his habeas corpus petition with his first and second proposed supplemental claims for relief, that there was insufficient evidence to support his conviction and that irrelevant and prejudicial "other crimes" evidence was erroneously introduced at trial, is **DENIED as MOOT.**

Signed at Lafayette, Louisiana on this 18 day of July, 2005.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE